Case 2:09-cv-00514-PGR Document 1 Filed 03/12/09 Page 1 of 10

Mich[illegible]
AGENCY No. 8948 1008
CADC - CCA
P.O. BOX 6300
FLORENCE ARIZ. 85232

✓ FILED — LODGED
— RECEIVED — COPY
MAR 0 1 2010
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY S. DEPUTY

— FILED — LODGED
— RECEIVED — COPY
MAR 1 2 2009
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY P DEPUTY

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| MICHAEL ROY TURNEY<br>HIS HEIRS AND ASSIGNEES<br>PLAINTIFF<br><br>V.<br><br>PHOENIX POLICE DEPARTMENT<br>JOHN DOES I-V, JANE DOES I-V; OFFICER ANDERSON, JANE DOE ANDERSON; NATIONAL CENTER FOR MISSING AND EXPLOITED CHILDREN<br>JOHN DOES I-V, JANE DOES I-V<br>WHITE CORPORATIONS I-V BLACK PARTNERSHIP I-V; FEDERAL BUREAU OF INVESTIGATION; EILEEN JACOBS, JOHN DOE JACOBS; U.S. DEPARTMENT OF JUSTICE; DET. Somershoe<br>DEFENDANTS | Case No.<br>(CASE NUMBER Previous Case No. CV 09-514-PHX-PGR ECV)<br><br>CIV '10 0458 PHX PGR ECV<br><br>"COMPLAINT"<br>PRIMA FACIE TORT<br>JURY TRIAL Requested<br><br>HONORABLE |

RECITAL

I MICHAEL ROY TURNEY ACTING AS PLAINTIFF AND PRO SE COUNSEL IN THE MATTER REFERENCED HEREIN ABOVE DOES HEREBY LODGE THIS COMPAINT AGAINST THE DEFENDANTS AND RESPECTFULLY THE FOLLOWING BOTH CORPORATELY AND PERSONALLY AGAINST ALL DEFENDANTS

# I

## PARTIES JURISDICTION AND VENUE

1. PLAINTIFF Michael Roy Turney was at The Time of The Allegations The Legal Parent of Alissa Marie Turney Living at 17218 North 34th Street Phoenix, Arizona 85032

2. DEFENDANT Phoenix Police Department (HERINAFTER KNOWN And Referred To As "P.P.D.) is A Phoenix City Agency In The State of Arizona. DEFENDANT OFFICER DETECTIVE ANDERSON WAS IN Fact AN Employee Representative of The P.P.D. AT The Time of The Allegations. DEFENDANT NATIONAL CENTER FOR MISSING AND EXPLOITED CHILDREN had A REPRESENTATIVE JANE DOE, Working In Partnership With The P.P.D. IN Phoenix Arizona Pertaining To Alissa Marie Turney. DEFENDANT Federal Bureau of Investigation Office In Jacksonville Florida Eileen Jacobs And John Does Were Working In Partnership with both The P.P.D AND NCMEC In Phoenix Arizona Pertaining To DEFENDANTS Daughter Alissa Marie Turney.

3. DEFENDANTS P.P.D., F.B.I. And NCMEC operate In The State of Arizona.

4. AT The Time of The Allegations DefendanTs NCMEC, P.P.D. And FBI were And still is operating As N.C.MEC, P.P.D And FBI In The State of ARIZONA

5. Plaintiff Michael Roy Turney is unaware of the true names of Defendants John Does I-V, Jane Does I-V, White Corporations I-V and Black Partnership I-V and therefore sue such defendants by ficticious names. Plaintiff seeks leave to amend this complaint when the true names and capacities of said defendants are ascertained.

II

Representations To The Court

1. Plaintiff Michael Roy Turney certifies that to the best of his knowledge, information and belief under the circumstances; this complaint is:

(A) Not being presented for an improper purpose such as to harass or cause unnecessary delay or needless increase in the cost of litigation.

(B) The claims and other contentions therein are warranted by existing laws.

(C) The allegations and other factual contentions have evidentiary support, or by a nonfrivolous argument for the extension, modification or reversal of existing law, or so identified specifically, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

(D) The Plaintiff Michael Roy Turney did in fact notify defendants P.P.D and NCMEC of his intention to file this complaint prior to his wrongfull

INCARCERATION.

## III
## ALLEGATIONS

1. The Plaintiff Michael Roy Turney is The Legal Parent For Alissa Turney who Remains Missing And has been Maliciously And Wrongfully Classified by The PPD As A homocide Victim Without Evidentiary Support

2. The Plaintiff Michael Roy Turney was not The Contact Person For The Turney Family with either DEFENDANT PPD OR NCMEC Whereupon Both Deliberately And Maliciously Contacted The Plaintiff Pertaining To his Missing Daughter Alissa Turney with Full Knowledge And notification That The Plaintiff was Too ill (mentally) in Writing To Contact his son John Turney.

3. On December 4, 2006 PPD Detective Murphy Did Contact The Plaintiff on his cell Phone To Tell him she was notified by The FBI A Convicted Murder in Prison Confessed To Murdering his Daughter Alissa Turney Causing him severe And irrepairable Mental Anguish.

4. That The NCMEC did In Fact send Their Flyer via Mail After one Years Absence And his written Notice To change Family Contact Person And not contact him Again.

5. That during A conversation from The Plaintiff To notify Them Again To not Contact him Told Plaintiff They had been in Contact with The F.B.I Agent Talking To The Convicted Murder in Prison About his Confession.

6. That The NCMEC Failed To Notify The Plaintiff They hired A Retired homocide Detective which They sent To Phoenix Arizona To initiate An investigation of his Daughter Alissa Turney And or The Plaintiff invading his privacy.

7. That The NCMEC deliberately provided The Plaintiff with The name And Phone Number of FBI Agent Eileen Jacobs in Jacksonville, Florida Advising him To speak with her.

8. That The Defendant's PPD, FBI And NCMEC DID In Fact Maliciously And Negligently create And or escalated A vicious Rumor An Alleged Convicted Murder had murdered his Daughter Alissa Turney knowing The story To be False And or never happened before

Contacting The Plaintiff with malicious intent To further Damage his existing Mental Disability which did in fact occur.

9. That The Defendants have not notified The Plaintiff since December 4, 2006 Their final conclusions after over two years of an investigation.

10. That The PPD did in fact Raid The Plaintiff's home at 17218 N. 34th ST Phoenix Arizona falsely arresting him under an unlawful search warrant To remove The Plaintiff's supporting evidence for This Complaint against All Three Defendants Then sealed The Affidavit for The search warrant To cover up Their illegal Acts prior To The December 11, 2008 Raid.

11. That PPD Detective Anderson did in fact defame his Daughter Alissa Turney in an E-mail sent The Plaintiff.

12. That PPD. Detective Anderson did in fact admit To violating The Plaintiff's Physician/Patient priveleges To privacy by contacting, questioning ~~And~~ Dr. John Mattson and scheduling an appointment without obtaining The Plaintiff's permission.

13. That The City of Phoenix P.D. Officers Somershoe AND Anderson DID in Fact Falsify AN AFFIDAVIT For A Search WARRANT December 9, 2008 AS Part of Their Tactical strategy To psychologically intimidate me OR use Trickery To obtain statements During in custody interrogation before MIRANDA WARNINGS by using AN order For body characteristics (DNA, Fingerprints) All previously obtainable, but declined by The Phoenix P.D. Detective Erwin murphy.

The Phoenix P.D. wrongfully with malicious deliberate indifference DID The following in the Affidavit:

1. Declared my Daughter Alissa Turney Deceased;
2. That she had been murdered MAY 17, 2001 when she left A Runaway note AND called home one week later;
3. Admitted Their 2 year investigation ended resulting in "All investigative leads came to Dead end."
4. maliciously AND falsely Accused me of molesting AND murdering my Daughter Alissa without even reasonable suspicion.
5. Went To the news media To sell the bad search WARRANT AND Affidavit by declaring pipe bombs "Largest Bomb Factory in History of Arizona.";
6. Planted pipe bombs AND 2 homemade silencers in my home At 17218 N. 34th St Phoenix Arizona.
7. lied to my family trying To get them To turn Against me.
8. Denied me medicine & Appropriate food for 7 hours.

## IV

## NEGLIEGENCE

1. The DEFENDANTS WERE IN FACT NEGLIGENT AFFliction OF Emotional DisTress To The PlainTiFF That Caused him IRREPairable Damage To his existing Disability

## V

## RESPONDANT SUPERIUR

1. ThaT The PlainTIFF RepeaTs And Realleges Each of The ForeGoing allegaTions As seT Forth herein Above. AT All Times An EmPloyer is Vicariously ResPonsible For The AcTions AND behavior OF iTs ConTracTors Agents AND EmPloyees The Failure of DefenDanT.

## VI

## OTher AllEGATIONS

PlainTiFF RePEATS AND REAlleges As seT forTh herein Above. As A ResulT of The Negligence INCURRED by The Caused DirecTly by The AcTions or Lack of AcTions by The DEFENDANTS PlainTiFF suffered boTh MenTally AND Physically.

THEREFORE:

IN SUMMARY THE PLAINTIFF ALLEGES THE DEFENDANTS ACTED WITH MALICIOUS INTENT TO HARM THE PLAINTIFF BOTH PHYSICALLY AND MENTALLY BY STARTING AND OR ESCALATING AN UNFOUNDED LIE, RUMOR OR ALLEGED CONFESSION BY A CONVICTED MURDER, KNOWING IT WAS FALSE AT THE TIME THEY STARTED IT ASSUMING THE PLAINTIFF'S DAUGHTER ALICCA WAS IN FACT DEAD BY THE HAND OF THE PLAINTIFF WHEREUPON, AFTER MORE THAN TWO YEARS THE PLAINTIFF NEITHER RECIEVED A WRITTEN NOTICE THE STORY WAS UNFOUNDED NOR AN INDICTMENT FOR THE ALLEGED MURDER OF HIS DAUGHTER AGAINST ANYONE.

DAMAGES RELIEF

THE PLAINTIFF MICHAEL ROY TURNEY IS RESPECTFULLY THE COURT ACCEPT THIS COMPLAINT AND AWARD BOTH ACTUAL AND PUNITIVE DAMAGES IN THE SOME OF TWO MILLIONS DOLLARS EACH FROM PPD, NCMEC AND FBI.

RESPECTFULLY SUBMITTED THIS ~~7th~~ DAY ~~of March~~ 6 2009

BY *Michael Roy Turney*
PLAINTIFF MICHAEL ROY TURNEY PRO PER

UNDER Penalty of PERJURY, I Michael Ray Turner, Declares The Foregoing To be True AND correct To the best of my belief AND ability This 11th Day of February, 2010.

Michael Ray Turner

Michael Ray Turner ProSe.

Respectfully submitted This 11th Day of February 2010

Michael Ray Turner

Michael Ray Turner ProSe

Mailed To The Clerk United States District Court, This 11th Day of February, 2010.

Michael Ray Turner

Michael Ray Turner, ProSe

-CCA
30x 6300
ence, Arizona 85132

Phoenix MPA 850 ZIP
FRI 26 FEB 2010 PM

NOTICE.
THIS CORRESPONDENCE IS MAILED FROM A
CORRECTIONAL INSTITUTION. ITS CONTENTS
ARE UNCENSORED.

RECEIVED

MAR 0 1 2010

RICHARD H. WEARE, CLERK
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

Clerk, United States District Court
Sandra Day O'Connor, U.S. Courthouse, Suite 130
401 W. Washington St. SPC1
Phoenix Arizona 85003-2118

egal mail

cial mail

d open for inspection in
ance with 28 CFR 540,18

N.C.